**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:20-cv-00111-LLK**

CYNTHIA A. McCLAIN                                                                          PLAINTIFF

v.

ANDREW SAUL, Acting Commissioner of Social Security                 DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The fact and law summaries of Plaintiff and Defendant are at Docket Number ("DN") 15-1 and DN 17.[1] The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [DN 13].

Because Plaintiff's two arguments are unpersuasive and the Administrative Law Judge's ("ALJ's") decision was supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**The ALJ's decision**

Plaintiff was last insured for Title II benefits on September 30, 2018. [DN 12 at 91]. She alleged she is mentally disabled and that her disability began prior to September 30, 2018.

The ALJ acknowledged that Plaintiff's mental impairments resulted in significant limitation. *Id.* at 91. 94. Specifically, the ALJ found that, notwithstanding her personality disorder, depressive disorder, generalized anxiety disorder, and bipolar disorder, Plaintiff had the following mental residual functional capacity ("RFC"):

---

[1] The Court granted Plaintiff's motion for leave to file a reply brief on or before February 8, 2021, [DN 18], but no reply has been filed to date.

> [Plaintiff] could understand, remember, and carry out simple, routine tasks; she could sustain concentration for the completion of those tasks for two-hour segments of time in an eight-hour workday; the claimant required either written or physical demonstration as opposed to verbal demonstration; she could have occasional interaction with supervisors and coworkers, but should have no interaction with the public; the claimant could not work at a production rate job; and any changes in a routine work setting should be rare or gradually introduced.

*Id.* at 91, 94.

The ALJ concluded that Plaintiff was not, prior to the date last insured, disabled because, although she was unable to perform any past relevant work, she retained the ability to perform a significant number of unskilled, medium jobs in the national economy. *Id.* at 99-101.

### The ALJ's evaluation of the medical opinions

On October 6, 2017, Plaintiff was examined at the request of the Commissioner by licensed psychological practitioner P. Leanne Scott, MS LPP (master of science, limited licensed psychologist). Among other things, Ms. Scott found that Plaintiff is "markedly" limited in her abilities to: 1) Tolerate stress and the pressure of day to day employment; and 2) Sustain attention and concentration towards the completion of tasks under time constraints "during the course of a manic episode." DN 12-1 at 1938.

On October 12, 2017, in light of Ms. Scott's findings and the record as a whole, the Commissioner's non-examining program psychiatrist, Alex Guerrero, M.D., opined that, for purposes of the "B" criteria of the mental Listings 12.04 and 12.08, Plaintiff has the following limitations:

> Understand, remember, or apply information: moderate
> Interact with others: moderate
> Concentrate, persist, or maintain pace: marked
> Adapt or manage oneself: Moderate

[DN 12 at 61]. In completing the mental RFC assessment, Dr. Guerrero found, among other things, that Plaintiff is "markedly" limited in her abilities to: 1) Complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; and 2) Respond appropriately to change in the work setting. *Id.* at 66.

On January 8, 2018, another non-examining program psychologist, Dan Vandivier, Ph.D., concurred with Dr. Guerrero's prior findings. *Id.* at 79, 83.

The ALJ found Ms. Scott's opinion of two "marked" limitations to be "unpersuasive" and the opinions of Drs. Guerrero and Vandivier to be "persuasive." *Id.* at 98.

**Plaintiff's first argument is unpersuasive.**

Plaintiff's first argument is that "[t]he findings of the State Agency psychological consultants [Drs. Guerrero and Vandivier], which the ALJ found persuasive, compel a finding that Plaintiff's mental impairments meet a listing, a fact neither acknowledged nor discussed by the ALJ." [DN 15-1 at 3].

As indicated above, Drs. Guerrero and Vandivier opined that, for purposes of the so-called "B" criteria of Listings 12.04 and 12.08, Plaintiff has the following limitations:

    Understand, remember, or apply information:  moderate
    Interact with others:  moderate
    Concentrate, persist, or maintain pace:  marked
    Adapt or manage oneself:  Moderate

[DN 12 at 61]. To satisfy the "B criteria" of these Listings, Plaintiff must have one extreme or two marked limitations in the above functional areas. [DN 12 at 92]. The ALJ concurred with the above findings of Drs. Guerrero and Vandivier and concluded that the "B criteria" were not satisfied. *Id.* at 94.

However, as indicated above, Drs. Guerrero and Vandivier, in completing the mental RFC assessment, found, among other things, that Plaintiff is "markedly" limited in her abilities to:  1) Complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; and 2) Respond appropriately to change in the work setting. *Id.* at 66, 79, 83. Plaintiff relies on these findings in support of her argument that the Listing is satisfied.

The argument is unpersuasive because the mental RFC assessment categories are more detailed and do not correspond to the broader "B criteria" categories. *See* Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *4 ("The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a

3

more detailed assessment by itemizing various functions contained in the broad categories found in [step 3] paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments."). In essence, Plaintiff argues that Drs. Guerrero and Vandivier found that Plaintiff satisfies the Listing at step 3 of the sequential evaluation process. If that were the case, Drs. Guerrero and Vandivier would not have proceeded to complete the mental RFC assessment, which is relevant only at steps 4 and 5.

### The new rules for evaluating medical opinions apply in this case.

Plaintiff filed her application in August 2017. [DN 12 at 89]. The new rules for evaluating medical opinions applied because Plaintiff filed her application after March 27, 2017. *See* 20 C.F.R. § 404.1520c ("For claims filed before March 27, 2017, the [old] rules [for weighing medical opinions] in § 404.1527 apply.").

Unlike the old rules in § 404.1527, the new rules state "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) …, including those from your medical sources." 20 C.F.R. § 404.1520c(a). Instead, ALJs will now evaluate the "persuasiveness" of medical opinions in light of by five factors listed in paragraphs (c)(1) through (c)(5). The five factors are supportability, consistency, relationship with the claimant, specialization, and other factors.

"The factors of supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section) are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions or prior administrative medical findings to be." 20 C.F.R. § 404.1520c(b)(2). "Therefore, we will explain how we considered the supportability and consistency factors for a medical source's medical opinions … in your determination or decision." *Id.* "We may, but are not required to, explain how we considered the factors in paragraphs (c)(3) through (c)(5) of this section, as appropriate, when we articulate how we consider medical opinions … in your case record." *Id.*

### Plaintiff's second argument is unpersuasive.

Plaintiff's second argument is that "[t]he ALJ's RFC [finding] is contradicted by the examining opinion of record [from Ms. Scott]; the ALJ did not adhere to the Agency's new rules for evaluating opinion evidence or give legally sufficient good reasons to reject this opinion or excluding work preclusive limitations from accepted opinions."  [DN 15-1 at 6].

The argument is based on 20 C.F.R. § 404.1520c(b)(3), which provides:

> **When we find** *(emphasis added)* that two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported (paragraph (c)(1) of this section) and consistent with the record (paragraph (c)(2) of this section) but are not exactly the same, we will articulate how we considered the other most persuasive factors in paragraphs (c)(3) through (c)(5) of this section for those medical opinions or prior administrative medical findings in your determination or decision.

20 C.F.R. § 404.1520c(b)(3).  Plaintiff interprets this regulation to mean that the ALJ's decision must articulate the ALJ's consideration of the (c)(3) through (c)(5) factors when "there are multiple opinions and more than one of them can be reasonably found to be equally persuasive."  [DN 15-1 at 7].

The argument is unpersuasive for four reasons.

First, 20 C.F.R. § 404.1520c(b)(3) applies only "when we find …."  "We, us, or our refers to the Social Security Administration."  20 C.F.R. § 404.901.  In this case, "we" refers to the ALJ.  The ALJ did not find the two medical opinions in question to be "both equally well-supported … and consistent with the record."  20 C.F.R. § 404.1520c(b)(3).  On the contrary, the ALJ found that Ms. Scott's opinion of two "marked" limitations to be "unpersuasive" because it is "inconsistent with [Plaintiff's] conservative treatment of her mental impairments, which included medication and inconsistent counseling, without exacerbation of her symptoms that required treatment from the emergency department or inpatient hospitalization."  [DN 12 at 98].  The ALJ found the opinions of Drs. Guerrero and Vandivier to be "persuasive" because they are "consistent with [Plaintiff's] ongoing conservative treatment for her mental impairments, including medication and therapy."  *Id.*

Second, 20 C.F.R. § 404.1520c(b)(2) is explicit that "[w]e may, **but are not required to** *(emphasis added)*, explain how we considered the factors in paragraphs (c)(3) through (c)(5) of this section."

5

Third, in essence, Plaintiff argues that the Court should interpret the "when we find" language to contemplate the possibility of its own determination (based on Plaintiff's arguments) that the ALJ erred in **not** finding two medical opinions to be "both equally well-supported … and consistent with the record," 20 C.F.R. § 404.1520c(b)(3).[2] Even if (hypothetically) the Court accepted this interpretation, in this case, the ALJ gave substantial reasons for finding one opinion to be persuasive and the other unpersuasive.

Fourth, under the old rules for weighing medical opinions, which are generally perceived as embracing more articulation requirements, a remand is unwarranted. The old rules contemplate only one specific situation in which the ALJ's decision must give particularly "good reasons" for the weight given to a medical opinion. 20 C.F.R. § 404.1527(c)(2). That situation is "[w]hen we do not give the treating source's medical opinion controlling weight." *Id.* "With regard to nontreating, but examining, sources [e.g., Ms. Scott], the agency will simply '[g]enerally [ ] give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir. 2010) (quoting former 20 C.F.R. § 404.1527(d)(1)) (now at 20 C.F.R. § 404.1527(c)(1)).

**Order**

Because Plaintiff's two arguments are unpersuasive and the Administrative Law Judge's ("ALJ's") decision was supported by substantial evidence, the Court hereby AFFIRMS the Commissioner's final decision and DISMISSES Plaintiff's complaint.

March 10, 2021

Lanny King, Magistrate Judge
United States District Court

---

[2] Plaintiff's interpretative argument is not wholly lacking in support. Arguably, in judicially awarding benefits based on the treating physician's opinion, reviewing courts have interpreted "if we find," 20 C.F.R. § 404.1527(c)(2), as contemplating the possibility of their own determination that the ALJ erred in **not** finding the treating physician's opinion to be "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record." *Id.*